**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**
─────────────────────────────────────
**Arenzo Smith,**

                **Petitioner,**

      - against -                    **10 Civ. 6941 (JGK)**

**William F. Lee, Superintendent,**      <u>**MEMORANDUM OPINION AND
ORDER**</u>

                **Respondent.**
─────────────────────────────────────
**JOHN G. KOELTL, District Judge:**

     The petitioner, Arenzo Smith, brings this pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner was convicted in the New York State Supreme Court, New York County, of one count of Criminal Sale of a Controlled Substance in the Third Degree, in violation of N.Y. Penal Law § 220.39[1].

     The petitioner challenges his conviction on two grounds. First, the petitioner alleges that the verdict was against the weight of the evidence. Second, the petitioner claims that the trial court's decision to permit the prosecution to show an allegedly unduly prejudicial video denied him a fair trial.

**I.**

     The record reflects the following facts. On September 14, 2006, Officer Michael MacDougall of the New York Police Department Street Narcotics Enforcement Unit ("SNEU") observed

the petitioner in the area of the chess tables in lower Manhattan's Washington Square Park.  (Tr. 84.)  From his post inside a nearby NYPD Temporary Headquarters Vehicle, Officer MacDougall observed the petitioner on surveillance camera monitors being approached by a variety of individuals and "point[ing] them off into different directions."  (Tr. 84.)  Officer MacDougall continued to watch the petitioner and, at approximately 7:30 PM, observed a man, later identified as Gideon Crawley, approach the petitioner.  (Tr. 85-86.)  Crawley testified that he had gone to Washington Square Park that evening to buy drugs.  (Tr. 151.)  Crawley testified that he approached the petitioner and the petitioner asked him how much he wanted.  (Tr. 153.)  Crawley responded that he "wanted a dime," which is ten dollars worth.  (Tr. 153.)  After a brief conversation, the petitioner spit a small object onto the ground, and Crawley bent down, placed money on the ground, picked up the object, and placed it in his mouth.  (Tr. 85-86, 153.)  Officer MacDougall apprehended Crawley and had him spit out the object which, based on his training and experience, MacDougall believed to be crack cocaine.  (Tr. 86-88.)  MacDougall radioed to the apprehension team that then arrested the petitioner.  (Tr. 88-93.)  Subsequent testing confirmed that

the substance recovered from Crawley contained cocaine. (Tr. 175, 215.)

An NYPD surveillance camera captured the sale on video, however the video ("the sale video") did not show the petitioner's face. (Voir Dire Tr. 3; Tr. 100-02.) Video footage from several hours earlier in the day ("the pre-sale video") depicted the petitioner from the front and showed his face, clothing, and physical mannerisms. (Tr. 100-02.)

A New York County Grand Jury charged the petitioner with Criminal Sale of a Controlled Substance in the Third Degree (Penal Law § 220.39[1]) and Criminal Possession of a Controlled Substance in the Third Degree (Penal Law § 220.16[1]). The second count was dismissed before trial. (Tr. 3.) A jury found the petitioner guilty of the remaining charge on March 16, 2007. (Tr. 254-56.) He was subsequently sentenced to a determinate prison term of ten years, to be followed by three years of post-release supervision. (Sentencing Tr. 13.)

The petitioner filed a timely direct appeal, arguing that the verdict was against the weight of the evidence and that he was denied a fair trial as a result of the trial court's decision to allow the prosecution to present the pre-sale video footage to the jury. On May 12, 2009, the New York State Supreme Court, Appellate Division, First Department unanimously

3

affirmed the petitioner's conviction, rejecting all of his claims.  See People v. Smith, 877 N.Y.S.2d 893 (App. Div. 2009). On July 15, 2009, the petitioner's application for leave to appeal to the New York State Court of Appeals was denied. People v. Smith, 12 N.Y.3d 929 (2009). This petition followed.

## II.

Pursuant to the AEDPA, a federal court may grant habeas corpus relief to a state prisoner on a claim that was adjudicated on the merits in state court only if it concludes that the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(1)-(2); see Williams v. Taylor, 529 U.S. 362, 404-05 (2000); Hawkins v. Costello, 460 F.3d 238, 242 (2d Cir. 2006).

A state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court of the United States] on a question of law," or "if the state court confronts facts that are materially indistinguishable from a relevant Supreme Court

precedent and arrives at a result opposite to" the Supreme Court's result. Williams, 529 U.S. at 405. A state court decision involves an unreasonable application of clearly established federal law when the state court "identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of petitioner's case." Wiggins v. Smith, 539 U.S. 510, 520 (2003) (quoting Williams, 529 U.S. at 413) (internal quotation marks omitted). To meet that standard, "the state court decision [must] be more than incorrect or erroneous. [It] must be objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75 (2003) (internal citations omitted); see also Jones v. Walsh, No. 06 Civ. 225, 2007 WL 4563443, at *5 (S.D.N.Y. Dec. 27, 2007). "[I]t is well established in [this] circuit that the objectively unreasonable standard of § 2254(d)(1) means that [a] petitioner must identify some increment of incorrectness beyond error in order to obtain habeas relief." Cotto v. Herbert, 331 F.3d 217, 248 (2d Cir. 2003) (internal quotation marks omitted); see also Muir v. New York, No. 07 Civ. 7573, 2010 WL 2144250, at *3 (S.D.N.Y. May 26, 2010).

Because the petitioner is proceeding pro se, his petition is "read liberally and should be interpreted 'to raise the strongest arguments that [it] suggest[s].'" Graham v. Henderson,

5

89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)); see also Muir, 2010 WL 2144250, at *5.

### III.

The respondent argues that the petition is procedurally barred because the petitioner failed to exhaust his claims in state court by presenting them in constitutional terms in his direct appeal. See Rodriguez v. Miller, No. 96 Civ. 4723 HB, 1997 WL 599388, at *1 (S.D.N.Y. Sept. 29, 1997) ("The exhaustion doctrine requires that a habeas petitioner must [first] give the state courts a fair opportunity to pass upon all of the federal claims asserted in the petition."). However, a district court retains discretion to deny a claim on the merits even if it has not been exhausted. See Zarvela v. Artuz, 364 F.3d 415, 417 (2d Cir. 2004). In this case, because there is no merit to the petitioner's claims, it is unnecessary to decide whether the claims were exhausted in state court.

### IV.

#### A.

The petitioner first claims that his conviction was against the weight of the evidence. A "weight of the evidence" claim is a purely state law claim and therefore not cognizable on habeas

6

review.  See Garrett v. Perlman, 438 F. Supp. 2d 467, 470 (S.D.N.Y. 2006).  However, because the petitioner is acting pro se, the Court will interpret his petition liberally.  Accordingly, the Court will construe his "weight of the evidence" claim as a claim that his conviction was based on legally insufficient evidence, which is a cognizable habeas corpus claim because it is "based upon federal due process principles."  Id.

When considering a sufficiency of the evidence claim, a federal court must view "the evidence in the light most favorable to the prosecution," and may only grant a petition for a writ of habeas corpus if the petitioner has shown that "upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."  Jackson v. Virginia, 443 U.S. 307, 319, 324 (1979); see also Hawkins v. West, 706 F.2d 437, 439 (2d Cir. 1983).  The reviewing court must defer to the trial court in making "assessments of the weight of the evidence or the credibility of witnesses" and must construe "all possible inferences that may be drawn from the evidence" in the prosecution's favor.  Maldonado v. Scully, 86 F.3d 32, 35 (2d Cir. 1996) (citing United States v. Rosa, 11 F.3d 315, 337 (2d Cir. 1993)); see also Muir, 2010 WL 2144250, at *4.  Thus, a petitioner

challenging the sufficiency of the evidence supporting a conviction must overcome a "very heavy burden."  Knapp v. Leonardo, 46 F.3d 170, 178 (2d Cir. 1995) (citations omitted).

In reviewing the legal sufficiency of the evidence of a state conviction, the Court looks first to state law to determine the elements of the crime.  See Quartararo v. Hanslmaier, 186 F.3d 91, 97 (2d Cir. 1999) (citing Green v. Abrams, 984 F.2d 41, 44-45 (2d Cir. 1993)).  Under the New York Penal Law, a person is guilty of Criminal Sale of a Controlled Substance in the Third Degree when he "knowingly and unlawfully sells . . . a narcotic drug[.]"  N.Y. Penal Law § 220.39[1].  Cocaine is a narcotic drug.  N.Y. Penal Law § 220.00(7); N.Y. Public Health Law § 3306, Sch. II(b)(4).

Viewed in the light most favorable to the prosecution, the evidence adduced at trial was more than sufficient for a rational trier of fact to find beyond a reasonable doubt that the petitioner knowingly and unlawfully sold cocaine to Gideon Crawley.  Mr. Crawley testified that he bought crack cocaine from the petitioner.  NYPD Officer Michael MacDougall, who personally viewed the sale via surveillance camera, corroborated this account of the transaction.  Testing confirmed that the substance that the petitioner was observed passing to Crawley contained cocaine.  Furthermore, a video recording of the sale

was shown to the jury, from which the jury reasonably could have concluded that the petitioner was the seller.

**B.**

The petitioner next claims that he was denied a fair trial as a result of the trial court's decision to allow the prosecution to show footage from the pre-sale video. Generally speaking, "a state court's evidentiary rulings, even if erroneous under state law, do not present constitutional issues cognizable under federal habeas review." McKinnon v. Superintendent, Great Meadow Corr. Facility, 422 Fed. App'x 69, 72-73 (2d Cir. 2011) (citations omitted).  "Erroneous evidentiary rulings do not automatically rise to the level of constitutional error sufficient to warrant issuance of a writ of habeas corpus.  Rather, the writ would issue only where petitioner can show that the error deprived [the petitioner] of a fundamentally fair trial." Taylor v. Curry, 708 F.2d 886, 891 (2d Cir. 1983).  "For an evidentiary error to rise to this level, it must have had a substantial and injurious effect or influence in determining the jury's verdict." Cummings v. Artuz 237 F. Supp. 2d 475, 486 (S.D.N.Y. 2002) (internal quotation marks omitted).

     There is no reasonable argument that the trial court's decision to allow the prosecution to show the pre-sale video resulted in a denial of the petitioner's right to a fair trial. The pre-sale video, taken together with the sale video, was plainly relevant to the identification of the petitioner as the seller.  As the Appellate Division concluded, the pre-sale video "was highly relevant in identifying [the petitioner] as the drug seller, since, in the later tape of the drug sale itself, the seller's back was to the camera but the other characteristics were the same." Smith, 877 N.Y.S.2d at 893.  The admission of this relevant evidence did not deny the petitioner a fair trial.

## CONCLUSION

For the reasons explained above, the petition for a writ of habeas corpus is **denied.** Because the petitioner has failed to make a substantial showing of the denial of a constitutional right, the Court declines to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2). **The Clerk is directed to enter judgment dismissing the petition and closing this case.**

SO ORDERED.

Dated:  New York, New York
        October 26, 2012

_____
John G. Koeltl
United States District Judge